UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDWARD AGUIRRE, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JENNIFER AGUIRRE | § § § § § § | CIVIL ACTION NO. _____ |
| v. | § § | |
| FAMILY HERITAGE LIFE INSURANCE COMPANY OF AMERICA | § § § § | |

**FAMILY HERITAGE LIFE INSURANCE COMPANY OF AMERICA'S
NOTICE OF REMOVAL OF ACTION
<u>UNDER 28 U.S.C. §§ 1332 AND 1441(a) (DIVERSITY)</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Defendant FAMILY HERITAGE LIFE INSURANCE COMPANY OF AMERICA ("FHL") and, pursuant to 28 U.S.C. §§ 1332 and 1441(a), files this Notice of Removal of the action styled: *Edward Aguirre, Individually and as Representative of the Estate of Jennifer Aguirre v. Family Heritage Life Insurance Company of America*, Cause No. 2014-CCV-61812-4, County Court at Law No. 4, Nueces County, Texas, to the United States District Court for the Southern District of Texas – Corpus Christi Division, respectfully showing this Court the following:

## INTRODUCTION

1. Plaintiff, Edward Aguirre, Individually and as Representative of the Estate of Jennifer Aguirre ("Plaintiff") originally filed suit against FHL and another entity, American General Life Insurance Company ("AGL"), on March 17, 2014 in Nueces County Court at Law No. 4. *See* Exhibit "A," Plaintiff's Original Petition. Although the claims against FHL and AGL were not properly joined in the same case, the action was not removable because AGL is a corporate citizen of the state of Texas. *Id.*

2. Plaintiff's lawsuit alleged that AGL and FHL wrongfully denied him insurance benefits under two different insurance policies issued by these Defendants to Plaintiff's decedent, Jennifer Aguirre. Ex. "A," at ¶ IV.

3. As to FHL, Plaintiff asserted claims for: (1) alleged violations of the Deceptive Trade Practices Act; (2) breach of contract; (3) negligent misrepresentation; (4) fraud; (5) alleged violation(s) of the "Prompt Payment of Insurance Claims" statute; and (6) "promissory estoppel." *Id.* at ¶¶ V-X. By way of these claims, Plaintiff attempted to recover the insurance benefits, as well as compensation for alleged mental anguish and multiple and/or exemplary damages. *Id.* at ¶¶ XII-XIV. Plaintiff also alleged entitlement to recovery of attorney's fees. *Id.* at ¶ XV.

4. Because the claims against AGL and FHL concerned completely separate insurance companies and insurance policies, they were improperly

joined in the same lawsuit. *See In re Hochheim Prairie Farm Mut. Ins. Ass'n*, 296 S.W.3d 907, 912 (Tex. App.—Corpus Christi 2009) (orig. proceeding) (holding that claims for benefits under separate insurance policies must be tried separately under Texas law); *see also* Exhibit "C," FHL's Motion to Sever. As such, on July 24, 2014, FHL filed a Motion to Sever the claims asserted against FHL from those asserted by AGL. Ex. "C." The court granted FHL's Motion to Sever on September 3, 2014 and severed Plaintiff's claims against FHL into a separate cause number styled: *Edward Aguirre Individually and as Representative of the Estate of Jennifer Aguirre v. Family Heritage Life Insurance Company of America*, Cause No. 2014-CCV-61812-4. *See* Exhibit "D," Agreed Order Granting FHL's Motion to Sever.

5. Under Texas law, severance of Plaintiff's case as to FHL was effective on September 3, 2014. *See McRoberts v. Ryals*, 863 S.W.2d 450, 452-53 (Tex. 1993) (holding that an order of severance is effective when it is signed). Further, upon the state court judge's signing of this Order, the action became removable on diversity grounds because: (1) there is complete diversity between Plaintiff and FHL; and (2) the amount in controversy is met by the express allegations contained within Plaintiff's pleading. *See* 28 U.S.C. § 1332; Ex. "A;" *see also* Exhibit "H," Affidavit of Ronald L. Sarosy.

6. Under 28 U.S.C. § 1446(b)(C)(3), ". . . if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30

days after receipt by the defendant, by service or otherwise, of an . . . . order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(C)(3). Because FHL is filing this Notice of Removal within 30 days of the date of the trial court's order severing Plaintiff's case against FHL, it is timely. *Id.*

## BASIS FOR REMOVAL

7.  Removal of this case is proper under 28 U.S.C. § 1441(a) as the district courts of the United States have original diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), and this Court is the United States district court embracing the place where this action is pending. *See* 28 U.S.C. § 1441(a).

8.  There is complete diversity between the parties to this case. Plaintiff is a citizen of Texas; FHL is a foreign corporation formed and organized under the laws of the State of Ohio with its principal place of business in Broadview Heights, Ohio, which makes FHL a corporate citizen of the state of Ohio for diversity jurisdiction purposes. *See* 28 U.S.C. § 1332(c)(1); *see also* Petition at ¶ III[1]; Ex. "A."

9.  Plaintiff also specifically pleads entitlement to ". . . damages between $200,000.00 to $1,000,000.00;" thus, the amount in controversy

---

[1] Plaintiff pleads that FHL ". . . is a company duly formed . . . in the state of Texas." However, as provided by the affidavit of Ronald L. Sarosy attached to this Notice as exhibit "H," this allegation is incorrect.

exceeds $75,000, excluding interests and costs. Petition, at ¶ I; *see also* 28 U.S.C. § 1332(a).

10. Finally, this removal is proper under 28 U.S.C. § 1441(a) because Plaintiff filed this case in Nueces County, Texas and FHL is seeking removal to this Court, which is the district court of the United States for the district and division embracing Nueces County, Texas. *See* 28 U.S.C. §§ 1441(a) and 1332(a).

## PROCEDURAL REQUIREMENTS

11. Attached hereto as Exhibits "A-H" and filed herewith are copies of all process, pleadings, and orders served on Defendant in connection with the State court proceeding, a copy of the State Court's file, an Index of Matters Being Filed, and a List of All Counsel of Record, as required by 28 U.S.C. § 1446(a).

12. FHL will promptly serve Plaintiff with this Notice of Removal in accordance with 28 U.S.C. § 1446(d), including all exhibits attached to this Notice. *See* 28 U.S.C. § 1446(d)

13. FHL will also promptly file a Notice of Filing of a Notice of Removal, along with a copy of this Notice of Removal, with the clerk of the County Court at Law Number 4, Nueces County, Texas – the state court in which this action is pending – in compliance with 28 U.S.C. § 1446(d). *Id.*

**THEREFORE**, Defendant FAMILY HERITAGE LIFE INSURANCE COMPANY OF AMERICA respectfully requests that this action be removed from the County Court at Law Number 4 of Nueces County, Texas to the United States District Court for the Southern District of Texas, Corpus Christi Division.

        Respectfully submitted,

        **HARTLINE DACUS BARGER DREYER LLP**
        800 N. Shoreline Blvd.
        Suite 2000 – North Tower
        Corpus Christi, Texas 78401
        (361) 866-8000
        (361) 866-8039 Fax

        */s/ Darrell L. Barger*
        Darrell L. Barger (*Attorney-in-charge*)
        State Bar No. 01733800
        Fed. ID 646
        J. Reid Simpson
        State Bar No. 24072343
        Fed. ID 1259919

        **ATTORNEYS FOR DEFENDANT, FAMILY HERITAGE LIFE INSURANCE COMPANY OF AMERICA**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record via Certified Mail, Return Receipt Requested in this cause in accordance with the Federal Rules of Civil Procedure on this the 26th day of September, 2014.

**Via Certified Mail, Return Receipt Requested**
Stephen J. Chapman
Chapman Law Firm
538 S. Tancahua
Corpus Christi, Texas 78401
*Attorney for Plaintiff*

*/s/ Darrell L. Barger*
Darrell L. Barger